IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB )<br>85 Second Street, 2d Floor )<br>San Francisco, CA 94105-3411 )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, and )<br>STEPHEN L. JOHNSON, )<br>Administrator, United States )<br>Environmental Protection Agency, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO. |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.   This is an action to compel defendant Johnson to promulgate regulations to reduce emissions of hazardous air pollutants. Although the Clean Air Act required defendant to promulgate such regulations by November 15, 2000, 42 U.S.C. § 7412(e)(1)(E), he has not done so.

### JURISDICTION

2.   This action arises under the citizen suit provision of the Clean Air Act ("the Act"), 42 U.S.C. § 7604. This Court has jurisdiction over this action pursuant to said Act, 42 U.S.C. § 7604(a)(2), as well as 28 U.S.C. §§ 1331 and 1361, and may issue a declaratory judgment and grant further relief pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 2201 and 2202. Plaintiff has a right to bring this action pursuant to 42 U.S.C. § 7604(a)(2) and the Administrative Procedure Act, 5 U.S.C. §§ 701 to 706.

3.   By certified letter posted on June 26, 2007, plaintiff Sierra Club gave notice to

defendant, pursuant to 42 U.S.C. § 7604(b)(2), of the violations alleged herein.

## PARTIES

4.  Plaintiff Sierra Club is a nonprofit corporation organized and existing under the laws of the State of California. A national organization dedicated to the protection of public health and the environment, Sierra Club has more than 700,000 members in all fifty states and the District of Columbia.

5.  For the reasons stated below, the actions challenged herein cause Sierra Club and its members injury.

6.  Defendant Stephen L. Johnson is the Administrator of the United States Environmental Protection Agency ("EPA"), and in that role is charged with the duty to promulgate regulations according to the schedules set out in the Clean Air Act.

## ALLEGATIONS DESCRIBING PLAINTIFF'S CLAIMS

7.  In 1990, Congress amended the Clean Air Act to mandate important new initiatives to limit emissions of hazardous air pollutants. To ensure that these initiatives would be implemented in a timely fashion, the 1990 amendments established mandatory deadlines for EPA action. *See, e.g.*, 42 U.S.C. § 7412(e)(1).

8.  Among other things, §112(c)(1) of the Act required EPA to publish by November 15, 1991 a list of all categories and subcategories of sources of hazardous air pollutants.

9.  Section 112(e)(1) of the Act provides in pertinent part:

> The Administrator shall promulgate regulations establishing emission standards for categories and subcategories of sources initially listed for regulation pursuant to subsection (c)(1) of this section as expeditiously as practicable, assuring that –
>
> ***
>
> (E) emission standards for all categories and subcategories shall be promulgated not later than 10 years after November 15, 1990.

2

42 U.S.C. § 7412(e)(1).

9. Thus, § 112(e) of the Clean Air Act required defendant to promulgate, no later than November 15, 2000, regulations for all of the categories and subcategories of sources listed pursuant to §112(c) of the Act.

10. "Clay products manufacturing" was originally listed as a category of major sources, pursuant to § 112(c) of the Act on the initial source category list published in the Federal Register on July 16, 1992. 57 Fed. Reg. 31576, 31591 (July 16, 1992).

11. Defendant failed to promulgate regulations for all of the categories and subcategories of sources listed pursuant to § 112(c) of the Act, including clay products manufacturing, by the November 15, 2000 deadline.

12. On July 22, 2002, EPA issued a proposed rule replacing the clay products manufacturing source category with brick and structural clay products ("BSCP") manufacturing and clay ceramics manufacturing, and proposing national emission standards for hazardous air pollutants ("NESHAP") for new and existing sources at BSCP manufacturing facilities and NESHAPs for new sources at clay ceramics manufacturing facilities. 67 Fed. Reg. 47894 (July 22, 2002). The final rule was published on May 16, 2003. 68 Fed. Reg. 26699 (May 16, 2003).

13. On May 20, 2003, pursuant to § 307(b)(1) of the Clean Air Act, the Brick Industry Association petitioned the District of Columbia Circuit United States Court of Appeals for review of EPA's final action adopting the NESHAPs for BSCP and clay ceramics manufacturing. On July 15, 2003, the Sierra Club and others filed additional petitions challenging the brick and clay rules.

14. The Sierra Club additionally filed an administrative petition for reconsideration

dated July 15, 2003 with the EPA. Upon consideration of that petition, the EPA determined that no changes to the final rule were warranted. 70 Fed. Reg. 69655 (Nov. 17, 2005) (notice of final action on reconsideration). On January 11, 2006, the Sierra Club filed a petition with the Court challenging the EPA's final action on reconsideration. By order dated April 21, 2006, the Court consolidated the January 11, 2006 petition with those petitions previously consolidated.

15. On March 13, 2007, the Court vacated the emission standards for both BSCP manufacturing and clay ceramics manufacturing and remanded those standards to the agency. *Sierra Club v. EPA*, 479 F.3d 875 (D.C. Cir. 2007). EPA has not promulgated new standards at this time.

16. By vacating the BSCP manufacturing and clay ceramics manufacturing standards, the D.C. Circuit restored the status quo before those standards took effect. *See Envtl. Defense v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004). Thus, EPA is once again in violation of its non-discretionary duty under Clean Air Act § 112(e)(1) to issue § 112(d) standards for brick and ceramics kilns no later than November 15, 2000.

## ALLEGATIONS DESCRIBING PLAINTIFF'S INJURIES

17. Sierra Club members live and recreate in communities where BSCP manufacturing facilities and clay ceramics manufacturing facilities are located. As a result, they are exposed to the hazardous air pollutants that these facilities emit, which include hydrofluoric acid, hydrochloric acid, and particulate matter containing toxic metals, such as antimony, arsenic, beryllium, cadmium, chromium, cobalt, lead, manganese, nickel, and selenium. These Sierra Club members are exposed to the resulting risk of adverse health effects from these pollutants which, according to EPA, include cancer, brain damage, kidney damage, nervous systems disorders, adverse reproductive effects such as spontaneous abortions, perforations and

ulcerations of the septum, bronchitis, decreased pulmonary function, pneumonia, severe respiratory tract irritation, pulmonary edema and bone damage.

18. Defendant's failure to promulgate regulations establishing emissions standards for BSCP and clay ceramics manufacturing facilities by the November 15, 2000 deadline (specified in § 112(e)(1)(E)) increases and prolongs Sierra Club members' exposure to hazardous air pollutants and their risk of adverse health effects.

19. In addition to causing adverse public health effects, hazardous air pollutants also cause environmental harms by, *inter alia*, causing death, illness, and impaired reproductive success in wildlife, fish and plants. Sierra Club's membership encompasses numerous active outdoor recreation enthusiasts who engage in a wide variety of activities including hiking, backpacking, birdwatching and other wildlife observation, gardening, flower and plant identification, edible wild plant gathering, canoeing, fishing, hunting, and others. Among the areas where Sierra Club members pursue these activities are many parks and preserves in close proximity to BSCP and clay ceramics manufacturing facilities. The emissions of hazardous air pollutants from these sources harm Sierra Club members by placing at risk the wildlife, fish, and plant resources that are an integral component of their recreational experience. These emissions further impact Sierra Club members by interfering with their ability to garden and eat locally caught fish or locally grown food.

## CLAIM FOR RELIEF

20. The allegations of the foregoing paragraphs are hereby incorporated as if set forth fully herein.

21. Defendant's failure to promulgate regulations for all BSCP manufacturing facilities and clay ceramics manufacturing facilities constitutes a "failure of the Administrator to

perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of § 304(a)(2), 42 U.S.C. § 7604(a)(2).

## PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff requests that this Court:

> (1) Declare that defendant Johnson's failure to promulgate regulations for BSCP manufacturing and clay ceramics manufacturing by the November 15, 2000 deadline specified in § 112(e)(1)(E) constitutes "a failure to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of § 304(a)(2), 42 U.S.C. § 7604(a)(2),
>
> (2) Order defendant Johnson to propose and promulgate, in accordance with expeditious deadlines specified by this Court, regulations establishing emissions standards for BSCP manufacturing and clay ceramics manufacturing,
>
> (3) Retain jurisdiction of this action to ensure compliance with its decree,
>
> (4) Award plaintiff the costs of this action, including attorney's fees, and,
>
> (5) Grant such other relief as the Court deems just and proper

DATED: March 11, 2008

Respectfully submitted,

_____
James S. Pew
(D.C. Bar # 448830)
Earthjustice
1625 Massachusetts Avenue,
 N.W., Suite 702
Washington, D.C.  20036-2212
(202) 667-4500

Attorney for Sierra Club

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Sierra Club

## DEFENDANTS

United States Environmental Protection Agency, and Stephen L. Johnson, Administrator, United States Environmental Protection Agency

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __San Francisco__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James S. Pew
Earthjustice
1625 Massachusetts Ave., NW, Suite 702
Washington, DC 20036
(202) 667-4500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Failure of defendants to comply with 42 U.S.C. § 7412(e)(1)(E)

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/11/08   SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.