## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB,                           )<br>                                        )<br>    Plaintiff,                         )<br>                                        )<br>v.                                      )<br>                                        )<br>UNITED STATES ENVIRONMENTAL            )<br>PROTECTION AGENCY and                  )<br>STEPHEN L. JOHNSON, Administrator,     )<br>United States Environmental Protection Agency, )<br>                                        )<br>    Defendants.                         )<br>                                        ) | Case No.: 1:08-cv-00424-RWR |

## ANSWER

Defendants United States Environmental Protection Agency and Stephen L. Johnson, Administrator, (jointly referred to as EPA) hereby answer the allegations in the Complaint as follows:

1. The first sentence of Paragraph 1 characterizes plaintiff's cause of action and so requires no response. The second sentence contains a conclusion of law, not an allegation of fact, and so requires no response.

2. Paragraph 2 contains conclusions of law, not allegations of fact, and so requires no response.

3. EPA admits the allegation in the first sentence of Paragraph 3 that plaintiff sent a letter to EPA via certified mail on June 26, 2007. The remainder of the first sentence contains a conclusion of law and so requires no response.

4. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and so denies the same.

5. EPA is without information sufficient to form a belief as to the truth of the allegation in Paragraph 5 and so denies the same.

6. EPA admits the allegations in Paragraph 6.

7. The first sentence of Paragraph 7 characterizes a federal statute, which speaks for itself, and so requires no response. The allegation is denied to the extent that it is inconsistent with the statute. The second sentence contains a conclusion of law and so requires no response.

8. Paragraph 8 contains a conclusion of law and so requires no response.

9. Paragraph 9 characterizes a federal statute, which speaks for itself, and so requires no response. The allegation is denied to the extent that it is inconsistent with the statute.

9.[1] Paragraph 8 contains a conclusion of law and so requires no response.

10. Paragraph 10 characterizes a <u>Federal</u> <u>Register</u> notice, which speaks for itself, and so requires no response. The allegation is denied to the extent that it is inconsistent with the notice.

11. With respect to the allegation in Paragraph 11, EPA admits that it had not promulgated regulations for every category and subcategory listed pursuant to Section 112(c) of the Act by the November 15, 2000, deadline, and had not promulgated regulations for clay products manufacturing by that date. To the extent that this allegation is intended to state that EPA has not promulgated any regulations for categories or subcategories listed pursuant to Section 112(c), that allegation is denied.

---

[1] The complaint includes two paragraphs numbered "9." To avoid confusion, EPA has done the same in this answer.

12. Paragraph 12 characterizes two <u>Federal Register</u> notices, which speak for themselves, and so requires no response. The allegation is denied to the extent that it is inconsistent with the notices.

13. EPA admits the allegations in Paragraph 13.

14. EPA admits the allegation in the first sentence of Paragraph 14. The second sentence characterizes a <u>Federal Register</u> notice, which speaks for itself, and so requires no response. The allegation is denied to the extent that it is inconsistent with the notice. EPA admits the remaining allegations in Paragraph 14.

15. The first sentence of Paragraph 15 characterizes a judicial decision, which speaks for itself, and so requires no response. The allegation is denied to the extent that it is inconsistent with the decision. EPA admits the allegation in the second sentence.

16. Paragraph 16 contains conclusions of law, not allegations of fact, and so requires no response.

17. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and so denies the same.

18. EPA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and so denies the same.

19. With respect to the first sentence in Paragraph 19, EPA admits that hazardous air pollutants cause various heath and environmental effects, but denies that this sentence states a full and accurate statement of the effects of hazardous air pollutants.

20. Paragraphs 1-19 above are incorporated herein.

21. Paragraph 21 contains a conclusion of law, not an allegation of fact, and so requires no response.

22.     Paragraph 22 sets forth the Prayer for Relief, not allegations of fact, and so requires no response.

23.     All allegations not expressly admitted are denied.

WHEREFORE, EPA asks that the complaint be denied.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources
  Division

/s/ EILEEN T. MCDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126
eileen.mcdonough@usdoj.gov

Of Counsel:

Scott Jordan
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N. W.
Washington, DC 20460
(202) 564-7508

Dated:  May 16, 2008