```
                      UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
_____
                               )
SIERRA CLUB,                   )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No. 08-424 (RWR)
                               )
UNITED STATES ENVIRONMENTAL    )
PROTECTION AGENCY, et al.,     )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM OPINION AND ORDER

Plaintiff Sierra Club brings this action against the U.S. Environmental Protection Agency and its Administrator (collectively "the EPA") under the citizen suit provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7604, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, alleging that the EPA violated a statutory obligation to promulgate by November 15, 2000 regulations to reduce emissions of hazardous air pollutants created during the manufacturing of brick and structural clay products.  The EPA has moved to dismiss the Sierra Club's complaint for lack of jurisdiction, arguing that it is time-barred and the claim that the EPA has failed to perform a non-discretionary duty was mooted in 2003 when the EPA issued regulations even though the court of appeals later vacated them.  However, because jurisdiction exists over a claim that the EPA

-2-

still has not promulgated regulations that Congress required the EPA to enact by 2000, the EPA's motion will be denied.

BACKGROUND

In 1990, Congress revised the CAA as it applied to the regulation of approximately 189 specified hazardous air pollutants. It directed the EPA to identify the sources of those pollutants and to promulgate regulations governing the emission of hazardous air pollutants from those sources. The EPA then listed brick kilns and clay products manufacturing as a major source of hazardous air pollutants. (Compl. ¶ 10; Pl.'s Opp'n at 3.) Section 112(e)(1) of the CAA directs the EPA to promulgate emissions standards for major sources of hazardous air pollutants by November 15, 2000. 42 U.S.C. 7412(e)(1). (See Compl. ¶ 9.) However, the EPA did not issue until 2003 a final rule creating a category containing both brick and structural clay products manufacturing and clay ceramics manufacturing, and promulgating national emission standards for hazardous air pollutants for new and existing sources at brick and structural clay products manufacturing facilities and clay ceramics manufacturing facilities. (Compl. ¶ 12.) In March 2007, the D.C. Circuit vacated the emission standards for both the brick and structural clay products manufacturing and clay ceramics manufacturing, and remanded the proceedings to the EPA. Sierra

-3-

Club v. EPA, 479 F.3d 875 (D.C. Cir. 2007). (See Compl. ¶ 15.) By one year later, no new standards had been promulgated.

The Sierra Club filed the instant action under the citizen suit provision of the CAA, 42 U.S.C. § 7604, arguing that the Circuit's order remanding the case to the EPA restored the status quo that existed before the standards were enacted, placing the EPA again in violation of its non-discretionary duty under 42 U.S.C. 7412(e)(1) to issue by 2000 emission standards for brick and ceramic kilns.  (Compl. ¶ 16.)  The EPA has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.  It argues that Congress waived sovereign immunity under these circumstances only for a citizen suit alleging unreasonable agency delay, not one alleging an agency's failure to perform a non-discretionary duty, and that a six-year statute of limitations is jurisdictional and bars the complaint as pled.  The Sierra Club opposes.

## DISCUSSION

Rule 12(b)(1) permits a defendant to move to dismiss a complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "'Before a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims.'"  Cornish v. Dudas, 715 F. Supp. 2d 56, 60 (D.D.C. 2010) (quoting Marshall v. Honeywell Tech. Solutions, Inc., 675 F. Supp. 2d 22, 24 (D.D.C. 2009)).  A plaintiff bears the burden

-4-

to establish that the court has subject-matter jurisdiction over the claims in the complaint. Shuler v. United States, 531 F.3d 930, 932, (D.C. Cir. 2008). If the plaintiff is unable to do so, the Court must dismiss the action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citing Ex parte McCardle, 74 U.S. 506, 514 (1868)).

"'[S]overeign immunity is jurisdictional' and '[a]bsent a waiver, . . . shields the Federal Government and its agencies from suit.'" Cohen v. United States, 650 F.3d 717, 723 (D.C. Cir. 2011) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988), and Federal Housing Administration v. Burr, 309 U.S. 242, 244 (1940))). "'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" Bloch v. United States Census Bureau, 754 F. Supp. 2d 15, 17 (D.D.C. 2010) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)).

The CAA's citizen suit provision, 42 U.S.C. § 7604, waives sovereign immunity for suits seeking to compel an agency to perform a non-discretionary duty by providing that any person "may commence a civil action on his own behalf . . . against the Administrator where there is an alleged failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," and that the

-5-

"district courts of the United States shall have jurisdiction to compel . . . agency action unreasonably delayed." 42 U.S.C. § 7604(a); see also Sierra Club v. Johnson, 500 F. Supp. 2d 936, 940 (N.D. Ill. 2007) (stating that "42 U.S.C. § 7604(a)(2) expressly waives the sovereign immunity of the United States"). The EPA argues that any claim that it violated a non-discretionary duty to promulgate emissions standards for hazardous air pollutants for new and existing sources at brick and structural clay products manufacturing facilities and clay ceramics manufacturing facilities before November 15, 2000 became moot when the EPA issued such regulations in 2003. (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 8.) According to the EPA, its duty to promulgate those regulations is no longer subject to the "nondiscretionary, date-certain deadline in the statute" (Defs.' Mem. at 7), and the government has not waived its sovereign immunity from a suit alleging failure to perform a nondiscretionary rule-making duty where the duty was performed but the rule was judicially vacated. The EPA then argues that, to the extent that the complaint alleges a claim that the EPA unreasonably delayed responding to the order to promulgate regulations on remand, Sierra Club would have to first comply with the statutory requirement to give the EPA 180 days notice of the intent to sue for the unreasonable delay. (Def.'s Mem. at 8.)

-6-

"When a court vacates an agency's rules, the vacatur restores the status quo before the invalid rule took effect and the agency must 'initiate another rulemaking proceeding[.]'" Envtl. Def. v. Leavitt, 329 F. Supp. 2d 55, 64 (D.D.C. 2004) (quoting Indep. U.S. Tanker Owners Comm. v. Dole, 809 F.2d 847, 854 (D.C. Cir. 1987), and Sugar Cane Growers Co-op. of Florida v. Veneman, 289 F.3d 89, 97 (D.C. Cir. 2002)).  Sierra Club v. Johnson, 374 F. Supp. 2d 30 (D.D.C. 2005), recognized the same rule.  That case involved a deadline under the CAA by which the EPA was required to approve or disapprove state air quality plans within 12 months of their submission.  The EPA approved certain plans years after their submission by adopting rules in 2001 and 2003 that the court of appeals vacated.  The Sierra Club filed a citizen suit complaining that the EPA was in violation of its nondiscretionary duty to approve or disapprove timely the state plans.  The district court held that the EPA's non-discretionary rulemaking obligation was not discharged and that the court had jurisdiction over the plaintiff's citizen suit.  The opinion stated that

> The existence of an unfulfilled duty to perform a nondiscretionary act (that is, to approve or disapprove) . . . disposes of EPA's jurisdictional argument.  It is true that the Clean Air Act's grant of jurisdiction to district courts [applies to] suits to compel nondiscretionary acts, 42 U.S.C. § 7604(a)(2), but this is just such a suit.

<u>Sierra Club v. Johnson</u>, 374 F. Supp. 2d at 33 n.5.  Here, the EPA's 2003 regulations do not discharge the EPA's duty to promulgate emission standards for new and existing sources at brick and structural clay products manufacturing facilities and clay ceramics manufacturing facilities, and the EPA remains in violation of its non-discretionary duty to issue those regulations by November 15, 2000.

The defendants argue alternatively that if the proper remedy is indeed an action for failure to discharge a non-discretionary duty, the Sierra Club's complaint is time barred by the six-year limitation period set forth in 28 U.S.C. § 2401.  (Def.'s Mem. at 10-11.)  That statute provides, in relevant part, that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401.  However, the D.C. Circuit has recently spoken quite forcefully, albeit in dictum, against the EPA's proposition.  In a case where the government failed to take prescribed actions by deadlines set in four environmental statutes, the D.C. Circuit opined that it was likely error for the district court to have dismissed as time-barred under § 2401 claims seeking to compel agency action under the APA.  The court stated:

> This court has repeatedly refused to hold that actions seeking . . . to compel agency action unlawfully withheld or unreasonably delayed are time-barred if

> initiated more than six years after an agency fails to meet a statutory deadline.

The Wilderness Society v. Norton, 434 F.3d 584, 588 (D.C. Cir. 2006) (internal quotation marks and citation omitted).  The opinion cited as illustrative examples cases in which the delay between the unmet statutory deadline and the suit being filed was eight years, In re United Mine Workers of America International Union, 190 F.3d 545 (D.C. Cir. 1999), and nine years, In re Bluewater Network, 234 F.3d 1305 (D.C. Cir. 2000).  In each case, the court of appeals rejected the agency's contention that the suit was time-barred, noting that the complaints concerned not what the agency had done, but what it had not done.  The court acknowledged the argument that the agency inaction after missing statutory deadlines amounted to "continuing violations," The Wilderness Society, 434 F.3d at 589, and rightly or not, the circuit gave no preclusive force, as EPA here tries to do, to the language in § 2401 timing the bar at six years after the right of action "first accrues."  Thus, dismissing this action as untimely likely would be error.

## CONCLUSION AND ORDER

The complaint timely alleges a violation of a non-discretionary duty to act, a claim which falls within the waiver of sovereign immunity found within the CAA's citizen suit provision, 42 U.S.C. § 7604.  Accordingly, it is hereby

-9-

ORDERED that the defendant's motion [14] to dismiss for lack of jurisdiction be, and hereby is, DENIED.

SIGNED this 27th day of March, 2012.

/s/
RICHARD W. ROBERTS
United States District Judge